**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT, | ) Case No. |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| BLUEKNIGHT ENERGY PARTNERS, L.P., DUKE R. LIGON, STEVEN M. BRADSHAW, JOHN A. SHAPIRO, WILLIAM W. LAMPTON, ROBERT H. LAMPTON, JOEL D. PASTOREK, W. R. ADAMS, and EDWARD D. BROOKS, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Blueknight Energy Partners, L.P. ("Blueknight" or the "Partnership") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Blueknight to Ergon, Inc. ("Ergon")(the "Proposed Transaction").

2. On April 21, 2022, Blueknight entered into an Agreement and Plan of Merger with Ergon Asphalt & Emulsions, Inc. ("Parent"), Merle, LLC ("Merger Sub"), and the General Partner (the "Merger Agreement"). Ergon is the sole ultimate parent of Parent, the General Partner and

Merger Sub. Pursuant to the terms of the Merger Agreement, holders of Partnership common units will receive $4.65 in cash per Blueknight common unit.

3.  On July 8, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Blueknight unitholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (a) the Partnership's financial projections; and (b) the financial analyses that support the fairness opinion provided by the conflicts committee ("Conflicts Committee") of the Board's financial advisor, Evercore Group L.L.C. ("Evercore").

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Partnership's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.[1]

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Partnership's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

---

[1] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for August 16, 2022.

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Blueknight common units.

10. Defendant Blueknight is a Delaware limited partnership, with its principal executive offices located at 6060 American Plaza, Suite 600, Tulsa, Oklahoma 74135. Blueknight's shares trade on the Nasdaq Global Market under the ticker symbol "BKEP."

11. Defendant Duke R. Ligon is and has been Chairman of the Board, a director of the Partnership and a member of the Conflicts Committee at all relevant times.

12. Defendant Steven M. Bradshaw is and has been a director of the Partnership and a member of the Conflicts Committee at all relevant times.

13. Defendant John A. Shapiro is and has been a director of the Partnership and a member of the Conflicts Committee at all relevant times.

14. Defendant William W. Lampton is and has been a director of the Partnership at all relevant times.

15. Defendant Robert H. Lampton is and has been a director of the Partnership at all relevant times.

16. Defendant Joel D. Pastorek is and has been a director of the Partnership at all relevant times.

17. Defendant W. R. Adams is and has been a director of the Partnership at all relevant times.

18. Defendant Edward D. Brooks is and has been a director of the Partnership at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On July 8, 2022, Blueknight announced in relevant part:

TULSA, Okla., April 22, 2022 -- Blueknight Energy Partners, L.P. ("Blueknight" or the "Partnership") (Nasdaq: BKEP and BKEPP) today announced that it has entered into a definitive agreement and plan of merger ("Merger Agreement") pursuant to which an affiliate of Ergon, Inc. ("Ergon") would acquire all of the outstanding common and preferred units of the Partnership not already owned by Ergon and its affiliates (the "Public Common Units" and "Public Preferred Units"). The agreement follows the offer made by Ergon in October 2021 to acquire the Public Common Units and Public Preferred Units.

The agreement provides for an all-cash transaction, whereby:

- each holder of the Public Common Units would receive $4.65 per common unit owned, representing a 51.5% premium to the market closing price prior to Ergon's offer made on October 8, 2021 and a 40.5% premium to the trailing 30-day volume-weighted average price on April 21, 2022; and

- each holder of the Public Preferred Units would receive $8.75 per preferred unit owned, which is greater than the 52-week trading high for such units and represents a 5.3% premium to the market closing price prior to Ergon's offer made on October 8, 2021 and a 3.6% premium to the trailing 30-day volume-weighted average price on April 21, 2022.

The Board of Directors of Blueknight Energy Partners G.P., L.L.C., the general partner of Blueknight (the "GP Board"), delegated to a conflicts committee of the

GP Board (the "BKEP Conflicts Committee"), consisting solely of the Partnership's three independent directors, the authority to review, evaluate and negotiate and approve the transaction on behalf of Blueknight and the holders of the Public Common Units. The BKEP Conflicts Committee, after evaluating the transaction with its independent legal and financial advisors, unanimously approved the transaction on behalf of the holders of the Public Common Units. Following the receipt of the recommendation of the BKEP Conflicts Committee, the GP Board approved the transaction.

The transaction is expected to close in mid-2022, subject to customary approvals. Ergon has committed to vote its units to approve the transaction.

**The Materially Incomplete and Misleading Proxy Statement**

21. On July 8, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Blueknight unitholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Partnership unitholders, or provides them with materially misleading information, concerning: (a) the Partnership's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Conflicts Committee's financial advisor, Evercore.

*Material Misrepresentations and/or Omissions Concerning Blueknight's Financial Projections*

22. The Proxy Statement fails to disclose material information concerning the financial projections for Blueknight, including assumptions underlying its management's "Partnership Financial Projections," "Stage 2 Projections," and "Stage 2+ Projections" (collectively, the "Respective Cases"). *See* Proxy Statement at 47.

23. The Proxy Statement also fails to disclose the unlevered free cash flows utilized by Evercore in connection with its *Discounted Cash Flow Analysis*, as well as the line items underlying those financial forecasts.

*Material Misrepresentations and/or Omissions Concerning Evercore's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Evercore's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* [performed by Evercore, the Proxy Statement fails to disclose: (a) the projection metric to which terminal multiples and perpetuity growth rates were applied in order to derive the terminal value; (b) the Partnership's terminal values; (c) the inputs and assumptions underlying the range discount rates Evercore utilized in connection with the analysis; (d) the unaffected market value of Blueknight's preferred equity; (e) Blueknight's net debt; and (f) Blueknight's outstanding units utilized in the analysis.

26. With respect to the *Peer Group Trading Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected partnerships analyzed; (b) the unaffected market value of Blueknight's preferred equity; (c) Blueknight's net debt; and (d) Blueknight's outstanding units utilized in the analysis.

27. With respect to the *Selected Transactions Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected transactions analyzed; (b) the unaffected market value of Blueknight's preferred equity; (c) Blueknight's net debt; and (d) Blueknight's outstanding units utilized in the analysis.

28. Finally, the Proxy Statement fails to disclose a summary of Evercore's *Discounted Distributions Analysis* and its *Premiums Paid Analysis*.

29. In sum, the omission of the above-referenced information renders statements in the "Unaudited Financial Projections of the Partnership" "Opinion of Financial Advisor to the Conflicts Committee" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior

6

to the unitholder vote, Plaintiff and the other unitholders of Blueknight will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF
## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Blueknight**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Blueknight is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Partnership's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Blueknight within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Blueknight and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as

8

alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Mandiant stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 25, 2022

**LONG LAW, LLC**

By /s/ *Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*